UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
ELVIS HENRY IDADA,             )
                               )
            Petitioner,        )
                               )
        v.                     )    CIVIL ACTION
                               )    NO. 19-12078-WGY
STEPHEN SPAULDING,             )
                               )
            Respondent.        )
                               )
_____)
```

YOUNG, D.J.                                         April 27, 2020

**ORDER**

    This pro se petition for a writ of habeas corpus lacks merit.  Yet the government contends that the petitioner cannot even raise his claims on the merits before this Court because he has not exhausted the prison's administrative grievance procedures as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a).  The Court rejects the government's argument and issues this opinion to clarify that the PLRA's strictures do not apply to this habeas petition, nor do other exhaustion doctrines bar this petitioner from presenting his claims in this Court on the merits.

[1]

Elvis Henry Idada ("Idada") petitions this Court, under 28 U.S.C. § 2241, to credit his prior year-long incarceration in state prison for possession and distribution of eavesdropping devices towards his subsequent 51-month federal sentence for wire fraud.  As an alternate route to the same goal, Idada asks the Court "to retroactively designate the state facility in which he served his sentence a place of federal confinement." Mem. L. Supp. Pet. Habeas Corpus ("Pet.") 3, ECF No. 1 (citing Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990)).  The respondent ("the government") has moved for summary judgment. ECF Nos. 10-13.

The Court GRANTS the motion for summary judgment because, as the government rightly points out, Idada completed his state prison sentence before his federal conviction and sentencing. His completed state incarceration can neither be credited to his later federal sentence nor retroactively deemed federal confinement.  See 18 U.S.C. § 3585; Ysabel v. Sabol, 645 F. Supp. 2d 37, 39 (D. Mass. 2009) (Gorton, J.) ("Judicial review of the [Federal Bureau of Prisons]' decision to grant a nunc pro tunc designation of a state facility for service of a federal sentence is limited to abuse of discretion.").

Not content with this straightforward path to victory, the government first argues that the PLRA bars Idada from petitioning this Court because he has not properly exhausted his

administrative remedies, faulting "Idada's decision to forego his rights and bring this untimely action." Resp't's Mem. Supp. Mot. Dismiss or Alt. Summ. J. ("Resp't's Mem.") 7, ECF No. 11. The government's argument is erroneous for several reasons.

First, the government fails to reckon with the ample authority, including from other sessions of this Court, stating that the PLRA's exhaustion requirement does not apply to habeas petitions under 28 U.S.C. § 2241. See, e.g., Putnam v. Winn, 441 F. Supp. 2d 253, 255 (D. Mass. 2006) (Saris, J.) ("[T]he PLRA does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254, or 2255." (quoting, with alteration, Walker v. O'Brien, 216 F.3d 626, 628–29 (7th Cir. 2000))); Fazzini v. Northeastern Ohio Corr. Ctr., 473 F.3d 229, 235 (6th Cir. 2006) ("[I]n contrast to the PLRA, § 2241's exhaustion requirement is not statutorily required."); Skinner v. Wiley, 355 F.3d 1293, 1294 (11th Cir. 2004) (per curiam); Monahan v. Winn, 276 F. Supp. 2d 196, 204 (D. Mass. 2003) (Gertner, J.); Mayberry v. Pettiford, 74 F. App'x 299, 299 (5th Cir. 2003) (per curiam); Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001). The government does cite one decision from another session of this Court that applied (without analysis) the PLRA exhaustion bar to a § 2241 petition, but misleadingly alters the quotation of that case to say incorrectly that appellate courts have also done so. See Resp't's Mem. 6

(quoting Cardona v. Winn, 170 F. Supp. 2d 131, 131-32 (D. Mass. 2001) (Keeton, J.), with misleading bracketed additions). They have not, and the cited decision did not assert otherwise.

Even were the PLRA generally to govern § 2241 habeas petitions, the statutory exhaustion requirement does not apply in this case. The PLRA establishes that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The petitioner here does not challenge the "conditions" of his confinement, but rather the "fact or duration of confinement itself." Porter v. Nussle, 534 U.S. 516, 527 (2002) (quoting McCarthy v. Bronson, 500 U.S. 136, 140 (1991)) (distinguishing between "conditions" and "fact or duration" confinement with respect to the PLRA's exhaustion requirement); see also Regelman v. Weber, No. 10-675, 2011 WL 1085685, at *3 (W.D. Pa. Mar. 21, 2011); García-Delgado v. Puerto Rico, No. 09-1171(JAF), 2009 WL 2168811, at *2 (D.P.R. July 17, 2009); McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997). Put simply, the PLRA's exhaustion requirement does not apply because Idada does not complain "about prison life," Nussle, 534 U.S. at 532 -- he wants out of prison. Such a suit falls outside the PLRA's domain.

[4]

Moreover, the PLRA's exhaustion requirement allows certain exceptions, at least one of which appears to apply here. The Supreme Court has explained that an administrative remedy is not "available" within the meaning of the PLRA -- and thus need not be exhausted -- when prison "officials misled . . . individual inmates so as to prevent their use of otherwise proper procedures." Ross v. Blake, 136 S. Ct. 1850, 1860 & n.3 (2016). Here, Idada has submitted an affidavit stating that his case manager told him he had exhausted his administrative remedies and that his next step would be to file a petition in this Court. Supp. Aff. Pet'r ("Aff.") 2, ECF No. 15.[1] The government has not contradicted this assertion. Thus, even under the PLRA's exhaustion standard, Idada's petition would not be barred.

Laying the PLRA aside, there remains a common law requirement of exhaustion of administrative remedies before filing this § 2241 petition. Rogers v. United States, 180 F.3d 349, 357-58 (1st Cir. 1999); see also Woodford v. Ngo, 548 U.S. 81, 88-89 (2006) ("[N]o one is entitled to judicial relief for a

---

[1] Although the affidavit reports that Idada had this conversation with his case manager on October 17, 2019 -- ten days after filing the petition in this Court -- that timeline makes little sense and appears to be an error. Mindful of its obligation to construe pro se filings liberally, Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Court disregards this date. In any case, nothing turns on this date since the petition lacks merit on other grounds.

supposed or threatened injury until the prescribed administrative remedy has been exhausted." (citations omitted)); Darby v. Cisneros, 509 U.S. 137, 153-54 (1993) (common law "exhaustion doctrine[s] . . . apply as a matter of judicial discretion"). In contrast to the PLRA, the "common law exhaustion rule . . . can be waived if exhaustion would be futile." Putnam, 441 F. Supp. 2d at 255 (citing Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004)).

The government does not assert that Idada's requests, had he properly exhausted administrative channels, would have been anything other than futile. Indeed, Idada received a written communication by the Designation and Sentence Computation Center of the Federal Bureau of Prisons ("BOP") stating plainly that 18 U.S.C. § 3585(b) "preclude[d] the application of credit for time that had been credited against another sentence," indicating the BOP's stance that it could not alter Idada's prison time. Pet., Ex. 1, Letter from Shannon Rodriguez 1, ECF No. 1-1. Furthermore, Idada's case manager advised him that his only remaining avenue for relief would be this Court. Aff. 2. The Court waives the common law exhaustion requirement and allows Idada to present his claims on the merits.

**Conclusion**

The government raised arguments plagued by error in order to bolster its otherwise correct position that Idada should be

[6]

denied habeas relief.  It asserted that the PLRA applies to habeas petitions, without addressing the contrary authority of numerous circuit courts and other sessions of this Court; that the PLRA's exhaustion requirement applies to Idada's particular claims, notwithstanding the statute's limited application to suits challenging "prison conditions"; and it neglected to assess whether Idada met any of the exceptions to exhaustion available to prisoners under either the PLRA or the common law.  The Court rejects this effort to extend the reach of the PLRA and improperly "impose[] extra-statutory limitations on a prisoner's capacity to sue."  Ross, 136 S. Ct. at 1857 n.1. Idada was entitled to petition this Court.

Nonetheless, the petition lacks merit for the reasons articulated in the government's memorandum.  The government's motion for summary judgment is GRANTED and, accordingly, the petition for a writ of habeas corpus is DENIED.

**SO ORDERED.**

/s/ William G. Young\
WILLIAM G. YOUNG\
DISTRICT JUDGE